# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| CHARLES EARNEST GRIFFIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-120 (CDL) |
| | * | 42 U.S.C. § 1983 |
| DONALD MESSNER, JEREMY | * | |
| REYNOLDS, and KIM RAYBURN, | * | |
| | * | |
| Defendants. | * | |

## **REPORT AND RECOMMENDATION**

Before the court is the Defendants' Motion to Dismiss Plaintiff's action. (R-17). The Plaintiff was notified of his right to respond but failed to do so within the time allotted.

## **LEGAL STANDARDS FOR MOTION TO DISMISS**

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id.* Rule 12(b)(6) does not allow for dismissals

based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## PROCEDURAL HISTORY

On August 1, 2007, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that the Defendants were deliberately indifferent to his serious medical needs. (R-1).

In their unenumerated 12(b) Motion to Dismiss, Defendants claim that: (1) Plaintiff failed to exhaust his administrative remedies; and (2) Eleventh Amendment Immunity protects Defendants Deputy Donald Nester and Deputy Jeremy Reynolds in their official capacities. (R-17).

## DISCUSSION

In his complaint, Plaintiff seeks: (1) to have Muscogee County pay for all his medical expenses from the time he was incarcerated until his release; and (2) two hundred and fifty thousand dollars for pain and suffering. (R-1, p. 5).

**I. Motion to Dismiss**

Rule 12(b)(1) provides that a defendant may raise any and all defenses regarding "lack of jurisdiction over the subject matter." Although the Eleventh Circuit has not ruled on this matter directly, the Ninth Circuit Court of Appeals, in *Wyatt v. Terhune,* 315 F. 3d 1108, 1119-20 (9th Cir. 2003), *cert. denied,* 124 S.Ct. 50 (2003), held:

> We next address the form of pretrial motion to be used to resolve the State's contention that the prisoner has failed to exhaust his administrative remedies. In this Circuit, we have held that the failure to exhaust nonjudicial remedies that are not

> jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir. 1988). (citations omitted). These decisions are based on the general principle that "summary judgment is on the merits," (cite omitted) whereas, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." (citations omitted). In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *See Ritza,* 837 F.2d at 369. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *See id.* at 368.

Thus, a motion to dismiss based upon a plaintiff's failure to exhaust his administrative remedies, which pleads a lack of jurisdiction, is properly filed as an unenumerated Rule 12(b) motion.

The Defendants first contend that Plaintiff failed to exhaust his available administrative remedies with regard to his claims and, as such, Plaintiff's claims must fail. (R-17, and R-18, pp. 3-5). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has consistently held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 112 S.Ct. 1081, 1086 (1992). The Eleventh Circuit Court of Appeals, following the Supreme Court rulings and the PLRA, has held that

3

"since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements . . . ." *Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

A recent United States Supreme Court decision, held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Id.* at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be **fully and properly** exhausted. *Id.* (Emphasis added).

Defendants have provided an affidavit by Defendant Ezell, Warden of the Muscogee County Jail, which confirms that the Muscogee County Jail has an administrative grievance system. (R-18-2). The grievance system requires that a prisoner with complaints file a written grievance, receive a written response, and **then file a written appeal in order to exhaust the administrative grievance system**. (R-18-2, pp. 3-5)(emphasis added). Defendants state through the Affidavit of Defendant Terri Ezell that the *Inmate Handbook*

4

is a true and accurate copy and that each inmate is given a copy of the *Inmate Handbook* upon entering the Muscogee County Jail. (R-18-2).

The Defendants have also attached to their Motion a copy of Plaintiff's original Grievance forms regarding this incident submitted on July 7, 2007. (R-18-3, pp. 2-7, Defendants' Exhibit "B"). The Grievance Officer noted that Plaintiff was hospitalized July 8th through July 13th, 2007. (R-18-3, p.2 and 5). On July 24, 2007, the Grievance Officer responded to Plaintiff's two complaints in writing. *Id*. On the same pages as the Grievance Officer's response, Plaintiff was given an opportunity to appeal the responses to his grievances by circling whether he would like to appeal the decision or not. The exhibit provided by the Defendants shows that the Plaintiff refused to sign either of the responses. *Id*. Thus, pursuant to procedure at the Muscogee County Jail, neither of the grievances were appealed, which would have exhausted the grievance procedure in place at the time Plaintiff was an inmate at the Jail.

As such, Plaintiff did not exhaust his available administrative remedies before filing the current action. Therefore, this Court recommends that Plaintiff's complaint be dismissed for his failure to exhaust said remedies.

As stated *supra*, Section 1997(e(a) mandates exhaustion of a prisoner's administrative remedies and courts no longer have discretion to waive the exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Because § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature, an inmate incarcerated in a state prison, must first comply with the grievance procedures established

by the state department of corrections before filing a § 1983 lawsuit. Therefore, the court is without jurisdiction to review the merits of Plaintiff's claims. As such, none of the Defendants additional arguments in support of their Motion to Dismiss need be addressed at this time.

The record reveals that Plaintiff has failed to refute this evidence by filing any response to the Defendants' Motion to Dismiss. Therefore, having failed to show that any genuine issue of material fact exists with regard to exhaustion of available administrative remedies, it is recommended that Plaintiff's complaint be DISMISSED for Plaintiff's failure to timely exhaust his administrative remedies. Having failed to exhaust said remedy, this court is without the jurisdiction to review the allegations found in his Amended Complaint. It is, therefore, recommended that any and all claims against these Defendants be dismissed.

Accordingly, it is hereby RECOMMENDED, that the Defendants' Motion to Dismiss be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO ORDERED this 28th day of December, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc